Copeland, Auditor, *v.* The State, *ex rel.* Davis.

Filed Nov. 14, 1890.

---

No. 14,537.

COPELAND, AUDITOR, *v.* THE STATE, EX REL. DAVIS.

ELECTIONS.— *Votes Cast for Ineligible Candidate.*—Votes cast for a person not eligible to an office can not be counted against the opposing candidate who is eligible; and such candidate, though receiving a less number of votes, is duly elected and entitled to the office.

SAME.— *Time of Holding.*—*Judicial Notice.*—*Pleading.*—The Supreme Court will take judicial notice of the time fixed by law for holding elections, and a complaint in a proceeding to compel the county auditor, by mandate, to accept the official bond of a township trustee duly elected, is not bad for failing to allege when the regular election was held.

MANDAMUS.—*Township Trustee's Bond.*—*Approval of by County Auditor.*—Mandate will lie to compel the county auditor to accept and approve the official bond of a township trustee duly elected.

SAME.—*Amount of Bond.*—*Sufficiency of Complaint as to.*—*Demurrer.*—Where a complaint, in a mandamus proceeding to compel the county auditor to approve the bond of a township trustee duly elected, avers that the relator tendered to the auditor a good and sufficient bond, without alleging that the bond tendered was in a penalty double the amount of money likely to come into his hands in any one year during his office, it is good against a demurrer. If the complaint was uncertain, the remedy was by a motion to make it more specific.

SAME.—*Proof of Identity and Election.—Complaint.—Answer.*—An averment in the answer that at the time the relator furnished his bond he presented no proof of his election or identity is not equivalent to an averment that he was not personally known to the defendant, and that the defendant did not know that he had been duly elected to the office of trustee.

From the Jennings Circuit Court.

*T. C. Batchelor*, for appellant.

*W. New*, for appellee.

COFFEY, J.—This was a proceeding in the Jennings Circuit Court to compel the appellant, as the auditor of Jennings county, by mandate, to approve the official bond of the relator as trustee of Marion township, in said county. The court overruled a demurrer to the alternative writ, and the appellant excepted. He thereupon filed an answer, in two paragraphs, the first being a general denial. The court sustained a demurrer to the second paragraph. The cause was tried upon an agreed statement of facts.

It is disclosed by the facts agreed upon that Lucius W. Deputy and the relator were opposing candidates for the office of township trustee of Marion township, in Jennings county, at the township election held in April, 1888. Deputy received one hundred and twenty-three legal votes at said election, and the relator received ninety-three legal votes for said office. The election board declared Deputy elected, and issued to him the proper certificate.

At the time said election was held the said Deputy was not eligible to the office of trustee of said township by reason of the fact that he was an acting justice of the peace of said township, whose term of office would not expire until November of that year. The relator's term of office, if he was entitled to the same, commenced on the 13th day of April, 1888, and on the 17th day of that month he tendered to the appellant, as the auditor of said county, a good and sufficient bond and demanded its approval, which was refused.

It has been repeatedly held by this court that votes cast

for a person not eligible to an office can not be counted against the opposing candidate who is eligible.  *Waldo* v. *Wallace*, 12 Ind. 569 ; *Gulick* v. *New*, 14 Ind. 93 ; *Carson* v. *McPhetridge*, 15 Ind. 327 ; *Howard* v. *Shoemaker*, 35 Ind. 111 ; *State, ex rel.*, v. *Gallagher*, 81 Ind. 558 ; *State, ex rel.*, v. *Johnson*, 100 Ind. 489.

By reason of the fact that Deputy was ineligible to the office of township trustee, the relator was duly elected to that office, notwithstanding the fact that he received a less number of votes than Deputy.  Having been duly elected it was the duty of the appellant, as the auditor of Jennings county, to accept and approve his official bond.  Section 5991, R. S. 1881.  The appellant having refused to perform that duty, mandate was the proper remedy to compel its performance.  *Gulick* v. *New, supra.*

The objections urged against the complaint are :

*First.*  That it does not allege that there was a regular election held on the 2d day of April, 1888 ; and,

*Second.*  That it is not alleged that the bond tendered by the relator was in a penalty double the amount of money likely to come into his hands in any one year during his term of office.

We take judicial notice of the time fixed by law for holding elections.

It is alleged in the complaint that the relator tendered to the appellant a good and sufficient bond.  This may have been somewhat uncertain, but the remedy for uncertainty in a pleading is by motion to make it more specific, and not by demurrer.  *Mitchell* v. *Stinson*, 80 Ind. 324 ; *Marquess* v. *LaBaw*, 82 Ind. 550 ; *Wright* v. *Williams*, 83 Ind. 421 ; *Thomson* v. *Madison, etc., Ass'n*, 103 Ind. 279.

In our opinion the court did not err in overruling the demurrer to the alternative writ of mandate.

The second paragraph of the appellant's answer averred that Deputy presented to the appellant his certificate of election to the office of trustee of Marion township, in Jennings

Copeland, Auditor, *v.* The State, *ex rel.* Davis.

county, on the 5th day of April, 1888, filed his bond as such trustee, which was approved by the appellant, and was duly qualified; that on the 12th day of April, 1888, the said Deputy resigned said office, and on the 13th day of said month the appellant appointed Timothy Lett as his successor, who filed his official bond and was duly qualified and entered upon the discharge of the duties of his said office; that at the time the relator presented his said bond for approval he furnished to the appellant no evidence of his election to said office, nor did he furnish any evidence of his identity.

This answer confesses that the relator was the duly elected trustee of Marion township, in Jennings county; that within ten days after the commencement of his term of office he tendered a good and sufficient official bond to appellant, which he refused to accept and approve. The averments that at the time he tendered such bond he furnished no proof of his election, and no proof of his identity, is not equivalent to averring that he was not personally known to the appellant, and that the appellant did not know that he had been duly and legally elected to the office of trustee.

In our opinion this answer was wholly insufficient to bar the relator's cause of action.

There is no error in the record.

Judgment affirmed.

BERKSHIRE, C. J., took no part in the decision of this cause.

Filed Nov. 14, 1890.