LAIRD *v.* STATE OF INDIANA, EX REL. RICHEY.

[No. 25,573.   Filed October 18, 1928.]

F. A. Heuring, W. C. Mason, B. F. Huffman, Hilbert Bennett and John A. Posey, for appellant.

R. E. Roberts, L. N. Savage and L. A. Savage, for appellee.

PER CURIAM.—This cause was tried on the complaint of the appellee for a mandate, commanding the appellant, as auditor of Spencer County, Indiana, to accept and approve the bond tendered him by the appellee, who had been appointed as trustee of Hammond Township, Spencer County, by the Board of County Commissioners

of Spencer County. The case was put at issue by an answer in general denial.

After the trial, the court made a special finding of facts and stated its conclusion of law thereon, and then rendered judgment that a peremptory writ of mandate issue out of and under the seal of the court to the defendant, James A. Laird, auditor of Spencer County, Indiana, commanding him to accept and approve the official bonds of Walter R. Richey, as Trustee of Hammond Township, Spencer County, Indiana, which bonds were heretofore tendered to him by the relator, Walter R. Richey, on November 14, 1927, and on November 19, 1927, and that the plaintiff recover from the defendant his costs.

On appeal, errors are assigned as follows: (1) The trial court erred in overruling appellant's motion for facts supporting conclusions addressed to the first paragraph of complaint; (2) the trial court erred in overruling appellant's motion for facts supporting conclusions addressed to the second paragraph of complaint; (3) the trial court erred in overruling the demurrer of the appellant to the first paragraph of complaint; (4) the trial court erred in overruling the demurrer of the appellant to the second paragraph of complaint; (5) the trial court erred in sustaining the demurrer of the appellee to the second paragraph of answer to the first paragraph of the complaint; (6) the trial court erred in sustaining the demurrer of the appellee to the third paragraph of answer to the first paragraph of complaint; (7) the trial court erred in sustaining the demurrer of the appellee to the fourth paragraph of answer to the first paragraph of complaint; (8) the trial court erred in sustaining the demurrer of the appellee to the second paragraph of answer to the second paragraph of complaint; (9) the trial court erred in sustaining the demurrer of the appellee to the third paragraph of answer to the second paragraph of

complaint; (10) the trial court erred in its conclusion of law; (11) the trial court erred in overruling the appellant's motion for a *venire de novo;* (12) the trial court erred in overruling the appellant's motion for a new trial.

The first paragraph of complaint contains the following allegations: That the defendant is the duly elected, qualified and acting auditor of Spencer County, and was holding that office and performing the duties thereof on November 14, 1927. That one Oscar Doyle was the duly elected, qualified and acting township trustee of Hammond Township, in Spencer County, until November 14, 1927, on which date he died. That the said office of trustee of said township, by reason of the death of said Doyle, became and was made vacant. That the Board of Commissioners of Spencer County in the State of Indiana was in regular session on said November 14, 1927, and, on said date, at said regular session, said board of commissioners, being advised of the death of Oscar Doyle, found that a vacancy existed in the office of township trustee of Hammond Township, in Spencer County, in the State of Indiana, occasioned by the death of said Oscar Doyle, and further found that Walter R. Richey, a resident and legal voter of said Hammond Township was eligible to hold the office of township trustee; and the said board of commissioners of said county thereupon, by its judgment and order duly entered of record in the minute book and the regular commissioners' record —— at page ——, as a part of the regular proceedings had and done at the regular November term, 1927, of said board of commissioners, duly and legally appointed the said Walter R. Richey township trustee of said Hammond Township, in said county and state to fill the vacancy in said office occasioned by the death of said Oscar Doyle, the duly elected, qualified and acting trustee of said Hammond Township, to serve

as such trustee of said township, until his successor should be duly elected and qualified. That the relator, Walter R. Richey has been duly and legally appointed by the duly constituted legal authority to fill the said office of trustee of said Hammond Township, and is entitled to hold the same by virtue of his said appointment, and that said Walter R. Richey, after his appointment by said board, tendered to the said James A. Laird, auditor of said county, a good and sufficient bond as trustee of said Hammond Township, in the amount of $20,000, signed by said Walter R. Richey, as principal, and by Fidelity and Deposit Company of Maryland, as surety thereon; and demanded of said James A. Laird said auditor, its approval by him, which demand was refused, and said defendant refuses to approve said bond and said demand and refusal were made before the bringing of this action. That the relator further says and charges that it is the legal duty imposed by statute on all auditors of the State of Indiana to receive and approve all bonds of township trustees when tendered in sufficient amount with good and ample surety thereon. That the said bond so tendered was in a sufficient amount and that the surety thereon was ample and good for the amount thereof; that the relator has no specific remedy by law and no adequate remedy by any ordinary civil action and no remedy by appeal.

The second paragraph of complaint contains the same allegations as the first paragraph, except the date is changed from November 14 to 19, 1927.

By statute, the following provision is made for the appointment of a township trustee when a vacancy occurs in that office: "All vacancies in the office of township trustee shall be filled by the board doing county business in term time, or by the auditor in vacation; and every trustee so appointed shall continue in office until his successor is elected and qualified." Acts 1859,

ch. 133, §9, §12029 Burns 1926. Also, by statute, provision is made for regular sessions of the board transacting county business, as follows: "In every county in this state, there shall be a regular session of the board of county commissioners, beginning on the first Monday of each calendar month, and continuing only so long as the necessary business of such session absolutely requires." Acts 1859, ch. 154, §50, §5911 Burns 1926. The statement in the first paragraph of complaint, "that the Board of Commissioners of said Spencer County, in said State of Indiana, was in regular session on said 14th day of November, 1927," was an allegation of fact. Same can be said of similar statement, with different date, in the second paragraph of complaint. The motions of defendant for facts supporting conclusions addressed to said averments in each paragraph were properly overruled.

Appellant filed a joint and several demurrer to the first and second paragraph of complaint, on the ground that sufficient facts were not stated to constitute a cause of action. Mandamus may lie to compel the county auditor to accept and approve the official bond of a township trustee. *Copeland, Auditor,* v. *State, ex rel.* (1890), 126 Ind. 51, 25 N. E. 866. In order to maintain an action of mandate there must be a clear legal right to the relief sought, an obvious duty and present power on the part of the defendant to do the thing demanded, and no adequate legal remedy must be available, and these essential elements must be affirmatively and positively shown by the complaint. *Gruber, Trustee,* v. *State, ex rel.* (1925), 196 Ind. 436, 148 N. E. 481, and cases cited. Each paragraph of the complaint meets all the necessary requirements as to facts stated. Neither paragraph of the complaint was subject to demurrer.

The several paragraphs of answer to which demurrers

were sustained will be considered together. In each of these answers, it is shown that on November 8, 1927, the board of commissioners, being in regular term, entered in the minute book and commissioners' record the following order: "This session of the Board of Commissioners is recessed from day to day until Saturday, November 19th, 1927." Boards of commissioners have the power, when in regular session, to adjourn from day to day or to meet upon any subsequent day within such term and its adjourned meetings so held are valid; and such an adjourned meeting operates as a continuation of the former meeting of the board at which the order of adjournment is made, and any business transacted at such adjourned meeting is as legal as though it had been transacted at the meeting or session of which it is a continuation. *Kraus* v. *Lehman* (1908), 170 Ind. 408, 83 N. E. 714, 84 N. E. 769, 15 Ann. Cas. 849. In *Beatle* v. *Roberts* (1912), 156 Iowa 575, 137 N. W. 1006, it was held that the words "recess" and "adjourn" both meant that the meeting was postponed until the time specified. Some of the paragraphs of answer admit that the board met on November 14, 1927; and the others admit that it met on November 19, 1927. In some of the paragraphs of answer, it is averred that the defendant, having been informed of the death of the qualified and acting trustee of Hammond Township, acting as the county auditor was required to act, took cognizance of the fact that there was a vacancy in the office of trustee of said Hammond Township, and duly and legally appointed Alex J. Sauter, who was eligible to hold the office of trustee of said township, trustee of Hammond Township; that said Sauter immediately gave bond as required by law, qualified as such trustee and assumed the office; that there was no vacancy in the office of trustee of said township, and the board had no right to appoint the relator as trustee. The appellant, as

county auditor, had no right and no authority to determine the title to an office or to pass upon the right of a claimant to hold any office as a condition precedent to the approval of the official bond. This is not a *quo warranto* proceeding between adversary claimants to the office of township trustee. The board of county commissioners was authorized to fill any vacancy in the office of township trustee at any time during term time; and the answers show that the November term, 1927, of the board of commissioners had not been finally adjourned. It was not error to sustain the demurrers.

It is claimed by appellant that the trial court erred in its conclusion of law. From a careful examination of the special finding of facts, it appears that they cover each fact necessary to entitle the relator to the relief sought. The court did not err in its application of the law to the facts so found in its special finding.

Appellant filed a motion for a *venire de novo*, stating that the special finding of the court consisted of conclusions of law instead of facts and did not contain facts enough to support a judgment. There is no merit to this contention.

The last assignment of error is that the trial court erred in overruling the appellant's motion for a new trial. The question as to whether the board of commissioners of Spencer County was doing business in term time when Walter R. Richey was appointed as trustee of Hammond Township was a question of fact for the decision of the trial court. There was evidence to sustain the finding of the court on that proposition; and, on appeal, the evidence will not be weighed. The record of the board showing the appointment of the relator was competent evidence. The trial court refused to admit in evidence a certified copy of the appointment of Alex J. Sauter as trustee of Hammond Township by the defendant as auditor and a certified

copy of the bond of Alex J. Sauter, as trustee, approved by the defendant, and also other evidence concerning said appointment made by the auditor. The trial court stated that in his opinion this offered evidence constituted a collateral attack on the judgment of the board of commissioners. The court's rulings on the admission of this evidence were not erroneous. The appellant failed to show that he was entitled to a new trial.

The judgment is affirmed.