BAKER ET UX. *v.* EADES.

[No. 13,809. Filed January 29, 1930.]

*William D. Hardy,* for appellants.
*Arthur C. Stone,* for appellee.

McMAHAN, J.—Action in ejectment by appellee against Charles Baker and Ida Baker, his wife. From a judgment for plaintiff, the defendants appealed. The undisputed facts are, in substance, as follows: On August 6, 1916, Henry F. McCool, his wife joining, in writing, agreed to convey to the defendants certain real estate in the city of Evansville; the agreement, among other things, provided that the conveyance should be made when the defendants had paid the full purchase price of $1,250 and interest, payments to be made as follows: Fourteen dollars at the signing of the agreement and $14 in advance each and every month thereafter until the full purchase price with interest at six per cent was paid; time of payment was made the essence of the contract, and, on failure of the Bakers to promptly make the payments or to perform any of the covenants on their part, the contract, at the option of the vendors, was to be forfeited and determined. On June 4, 1927, McCools, by warranty deed, conveyed the property in question, subject to said agreement, to Alvin Eades. The sales agreement was, on the same day, transferred by assignment to Eades.

At the time Eades came into possession of the deed and contract, appellants were in default in their payments. The payments had been made throughout the whole period of years, irregularly, and long after they

were due, and in irregular amounts. Appellee testified that he called at the home of appellants a number of times and demanded payment, but that he never demanded payment of more than $14; that the last time he called at the home, which was about 10 days before the commencement of this suit, he demanded possession of the property under the contract. Appellee contends that this demand was all that was necessary to sustain the judgment in ejectment. This contention cannot prevail.

Appellee had waived the provision of the agreement requiring the payments to be made in advance each month. The habitual acceptance of over-due payments is a waiver of the provision making time of the essence of the agreement. Appellee having, by his conduct and acceptance of over-due payments, waived the provisions of the contract, and time of payments being the essence of the agreement, he was in duty bound, before he could declare a forfeiture and maintain an action of ejectment, to give appellants a reasonable time and opportunity to comply with the contract, and appellee's rights under the contract could be revived only by giving appellants a reasonable time within which to make payments in compliance with the contract. In order to insist upon a forfeiture under the contract, it was necessary for appellee to give appellant a reasonable, definite and specific notice of his intention to insist upon forfeiture if the amount then due was not paid within a reasonable time. As was said in *Clayton* v. *Fletcher Savings & Trust Co.* (1927), 89 Ind. App. 431, 155 N. E. 539: "Forfeiture is a harsh remedy, not favored in equity, and must yield to the principle of compensation where fair dealing and good conscience seem to demand. Where a party by his indulgence has waived the provision of a contract making the time of payment of money of the essence of the contract, and temporarily

suspends the right to declare a forfeiture, such right can be resumed only by giving a definite and specific notice to that effect.''

In the instant case, no notice of forfeiture was given, no demand of a specific amount of money was made or a reasonable and specific time given in which appellants could perform under the contract. At the time appellee made demand for possession, he was not legally entitled to possession nor was he entitled to possession when this action was commenced.

There is no merit in the contention that the sales agreement is an option to buy.

This appeal is controlled by the rules stated in *Clayton* v. *Fletcher Savings & Trust Co., supra.*

Reversed.