DEMPSTER *v.* MILLER.

[No. 18,434.   Filed May 28, 1954.]

*Benjamin F. Stephenson*, of Rockville, and *Raymond O. Evans*, of Crawfordsville, for appellant.

*Wisehart & Savage*, of Clinton, and *Clelland J. Hanner*, of Rockville, for appellee.

BOWEN, C. J.—This is an appeal from a judgment for specific performance of a contract for the sale of real estate and for damages. Issues were joined upon appellee's complaint for specific performance and appellant's answer and denial to the same, and upon

appellant's cross-complaint in ejectment and for damages alleging *inter alia,* failure of the appellee to pay taxes, insurance and payments, and alleging that waste had been committed, and the appellee's answer thereto.

The cause was tried by the court and the court rendered special findings of fact and conclusions of law which set forth in substance that the appellant and cross-complainant, as owner of the real estate in question, entered into a written contract for the sale of such real estate with the appellee, by which the appellant agreed to sell such real estate for the sum of $1500.00; that the appellee and cross-defendant, secured money to fully pay the balance due on the contract of sale and so informed the appellant and cross-complainant, who then failed to perform her part of the contract by failing to cooperate and then refused to accept payment of the balance due, saying in substance that she did not want the money and that she wanted the contract to continue as it had been, and refused to execute deed and furnish partial abstract; that payment was again offered appellant and cross-complainant by one James P. Savage, agent and attorney for appellee and cross-defendant, together with an additional amount of money claimed by appellant and cross-complainant, who again refused to accept payment and refused to perform her part of the contract by furnishing deed and partial abstract. The court further found that the appellee and cross-defendant had fully kept and performed the covenants of that agreement upon her part to be kept, and that there was a balance due under said contract on the date of the commencement of this action of $808.17; that the appellant failed and refused to deliver a deed although demand was made therefor and payment of the purchase price twice offered the appellant and cross-complainant; that the appellee had

paid into the clerk's office the sum of $808.17 for the benefit of appellant and cross-complainant; and that appellee had been damaged by reason of the action of the appellant in the sum of $100.00 and that appellant was not entitled to recover any damages against the appellee.

The court stated its conclusions of law upon the foregoing facts; that the law is with the appellee and that appellee is entitled to the specific performance of the contract of real estate in question; that the appellant has failed and refused to perform her part of such agreement and that appellant is entitled to $808.17 subject to the delivery of a deed to the real estate in question; that upon the failure of appellant to execute such deed the court would appoint a commissioner with orders to convey the same to appellee; and rendered judgment for $100.00 damages.

Grounds of the motion for a new trial urged in this appeal are that the decision of the court is not sustained by sufficient evidence and the decision of the court is contrary to law. Appellant's assignments of error present the main legal proposition that there was not a proper legal tender to the appellant of the balance due under the contract.

From the record it appears that the appellant drove into the yard of the appellee and the appellee stated, to the appellant, "I have got the money," and that "we would go get it" and appellant said, "I will not have it." The appellee also testified that a month before she secured the money, she said to the appellant, "I think I will have the full amount of money," and appellant said, "I don't want it, I want it to go on like it is." Appellant asked appellee where she got it and appellee said, "I got it from the Loan Company." The appellee stated that her offer was based upon the fact that she

had already secured the money and it was there for that purpose. The appellee also stated that if appellant would get the deed ready and have the abstract she would have the money. When appellee was asked as to the response which appellant made to this statement she testified the appellant stated, "I will not give you no abstract, I will not give you no deed." Appellee's attorney testified that the appellant came to his office and stated that she would not make a conveyance of the real estate or accept any money unless it would be brought to her home in cash. The appellant made claim to appellee's attorney for an additional $21.00 which the attorney stated he would pay himself to get it over with. The attorney for appellee discussed the abstract and appellant said she would not pay any part of it. Appellee's attorney stated that he "offered her the money and she told me she refused to take any check of the Merchants Saving & Loan Association. I told her I would get the cash and she told me if I did I could bring it to Terre Haute."

The contract itself contained the following provision:

> "Whenever the unpaid balance due on this Contract is reduced so that it is possible so to do, the Buyer agrees to borrow a sufficient sum of money to pay in full to the Seller said unpaid balance, including interest at the rate aforesaid, then unpaid, on this Contract, at the time of procuring and receiving such loan."

The appellant insists that a proper legal tender was not made in the legal tender notes or coin of the United States and that there was not an unqualified refusal to accept a proper legal tender on the part of the appellant.

The law is settled that after a vendor's refusal to perform, a tender of the amount due is not necessary

before purchaser's suit for specific performance. *Walcis* v. *Kozacik* (1927), 86 Ind. App. 484, 156 N. E. 589. A tender of the purchase price is not required as a condition precedent to a suit for specific performance of a contract for the sale of real estate where the vendor evinces an intention not to perform and denies the right of the purchaser to enforce the conveyance in pursuance to such contract. *Bronnenberg* v. *Indiana Union Traction Co.* (1915), 59 Ind. App. 495, 109 N. E. 784. It has also been held that to constitute a tender it is not always necessary to produce the money and count it out. If the money is present and the party is ready and willing to pay and offers to do so, but the person to whom such offer is made by his own conduct prevents the completion of the tender, the party for whose benefit the money is offered will not be heard to say that the tender was not sufficient. *Mathis* v. *Thomas* (1885), 101 Ind. 119; *Platter* v. *Board of Com'rs. of Elkhart Co.* (1885), 103 Ind. 360, 2 N. E. 544; *Spurgeon* v. *Smitha* (1888), 114 Ind. 453, 17 N. E. 105.

Considering the above general propositions of law with reference to the facts of the instant case, we perceive from the record in the case at bar that there is evidence that the appellant vendor stated to the vendee that she would not accept the money and that she refused to give a deed and abstract to the appellee purchaser. Appellee's attorney sent a letter by registered mail in which letter he stated to appellant that "we have in our possession the entire sum of money which you demand before the delivery of the deed to Glyde Miller." The letter stated that the offer was a legal tender to the appellant of the money and requested deed, and threatened suit for specific performance. This letter followed a similar letter except that in the first letter reference was made to the

fact that they were "prepared" to pay the balance due. In response to these letters the appellant replied and stated that she was ready to keep her part of the contract when the money was brought to her. The appellant has construed the laws of legal tender as requiring that the cash money be delivered to her at her home. It appears to this court that in view of the fact that the contract contained a provision for the purchaser to procure a loan in order to secure the money for the unpaid balance, together with the evidence of appellant's refusal to perform, and her refusal to accept the money from appellee and her refusal to give an abstract and deed as agreed, there was evidence in the record sufficient to justify the finding of the trial court that the appellant failed to perform her part of the contract and refused to accept payment of the balance due and stated her desire to have the contract continue. While it is impossible to hold that a strict legal tender has been made in the instant case, it is apparent that circumstances are shown which justified the trial court in concluding that the vendor had refused to perform. Therefore the tender of the amount due was not necessary before the purchaser's suit for specific performance. *Walcis* v. *Kozacik, supra.*

The decision of the lower court is sustained by sufficient evidence and is not contrary to law, and the lower court did not err in overruling appellant's motion for a new trial.

Judgment affirmed.

Royse, J., concurs in result.

NOTE.—Reported in 119 N. E. 2d 720.