BROWN, ADMINISTRATOR OF THE ESTATE OF BROWN, DECEASED *v*. MONTGOMERY.

[No. 18,576. Filed March 11, 1955. Rehearing denied April 15, 1955.]

*Howard R. Hooper,* of Indianapolis, for appellant.

*Ernest E. Owens,* of Indianapolis, for appellee.

BOWEN, J.—The appellant's intestate filed suit against appellee for possession of real estate and damages, and for cancellation of a contract by which appellant had agreed to sell certain real estate to appellee.

The lower court found for the appellee and by its judgment held and determined that the appellee, Claude Montgomery, had tendered to Hattie R. Brown, or her agent, Tull E. Brown, each monthly payment on such contract as it became due, and that the appellant had

refused to accept said payment. The court also held that the appellee, after suit was filed, offered and tendered the full amount due under the conditional sales contract upon the presentation to him of an abstract of title continued to date, and the same was refused by the appellant's intestate and her agent, Tull E. Brown, her husband. The court then entered the following judgment and conclusion: that plaintiff take nothing by her complaint, and that she accept from the defendant the payments heretofore tendered and refused which were due upon the contract and sued upon, and that she furnish appellee an abstract of title to date to the real estate described in the complaint within a reasonable time, and that the appellant should allow the appellee to pay his contract in full in accordance with his tender.

The appellant filed his motion for a new trial, grounds of which motion were, error in the admission of certain evidence, alleged error of the court in refusing to strike out certain testimony, and that the decision of the court is not sustained by sufficient evidence and is contrary to law. The grounds for the specification of error as to the alleged admission and rejection of evidence as to specifications 1, 2 and 3 is that the appellant claims no plea of payment had been filed, and specifications 4 and 5 are waived by reason of the fact that the appellant has not set forth in substance the objection to the evidence which appellant sought to strike out and exclude.

In this case the appellee has not filed an answer brief as required by Rule 2-15, Rules of Supreme Court. By reason of such rule, where appellant's brief makes a *prima facie* showing of reversible error, we may reverse the judgment. *Consolidated Holding, Inc.* v. *Anweiler* (1954), 125 Ind. App. 142,

122 N. E. 2d 905; *Meadows* v. *Hickman* (1947), 225 Ind. 146, 73 N. E. 2d 343; *State ex rel. Board, Etc.* v. *Stucker* (1953), 232 Ind. 76, 111 N. E. 2d 714; *Reed, Admr.* v. *Brown* (1939), 215 Ind. 417, 19 N. E. 2d 1015. See also *Deatrick* v. *Lawless* (1923), 193 Ind. 327, 139 N. E. 587; *City of Shelbyville* v. *Adams* (1916), 185 Ind. 326, 114 N. E. 1; *Brown* v. *State* (1915), 184 Ind. 254, 108 N. E. 861, 111 N. E. 8; *Burroughs* v. *Burroughs* (1913), 180 Ind. 380, 103 N. E. 1. However, such rule is not invoked by our courts for the benefit of the appellants but for the protection of the court, and whether it shall be invoked is discretionary with the court, and such rule is applied only where the appellants' brief makes a *prima facie* showing of reversible error. *Meadows* v. *Hickman, supra; Hanrahan* v. *Knickerbocker* (1905), 35 Ind. App. 138, 72 N. E. 1137.

It therefore becomes necessary for us to consider whether or not appellant makes such *prima facie* showing of error.

The issues in this case were formed on appellant's amended complaint for the possession of real estate, damages, and for the cancellation of a certain contract to sell real estate by appellant, as seller, to appellee, as buyer. By the terms of the contract attached to the complaint, plaintiff agreed to pay for such real estate the sum of $2,000.00, with a down payment of $140.00 cash and $15.00 per month thereafter. The complaint alleged non-payment of the payments due under the contract, and alleged that appellee had forfeited his rights under the contract, and asked that the same be cancelled. The complaint also alleged that the appellant gave notice of such cancellation and demanded possession of the real estate. To appellant's complaint the appellee filed an answer in two paragraphs, the first in denial and an admission that the contract was entered

into. In a second paragraph of answer appellee alleged that at all times, during the period mentioned in the complaint as to appellee being in arrears, he was ready, willing and able to make the payments and did tender to the plaintiff each month when due the amounts due at said time, which tenders of payment were refused by the appellant.

When we examine the evidence in the record as set out in the condensed recital of the evidence in appellant's brief, it appears that while the evidence was conflicting there was substantial evidence of probative value to sustain the judgment and the decision of the lower court, and to have justified the lower court in deciding that appellee had tendered to the appellant, and appellant's decedent, the monthly payments due under the contract, which tenders of payment were refused by the appellant. The appellee himself testified that he made each monthly payment up until 1953 when the appellant refused payments; that in conversations he had with appellant, appellant stated he did not want any money, he wanted the place back, that he had sold it too cheap; that appellant told him he might as well get out in the street, move out. Appellee further testified that he and his attorney, Ernest Owens, had a conversation with the appellant in the court room in which they offered to pay the appellant the amount due on the contract. His attorney told Brown that he had enough money in his pocket to pay the place off; that Brown said he did not want any money, "I want my place." The record is replete with evidence of a consistent and continuous refusal on the part of appellant to accept payments from the appellee and his daughters.

A letter was introduced in evidence addressed to appellant and his deceased wife, as follows:

"Dear Sir and Madam: I hereby request as I have heretofore done many times the abstract of title to the parcel of real estate my client, Mr. Claude Montgomery, is purchasing from you under a conditional sales contract. My client desires to pay you the unpaid balance under the contract and under the terms of the contract you are obligated to furnish him with the abstract of title. If you will have the abstract of title continued to date my client will pay for the same and deduct the payment therefor from the balance due you. Since there has been some controversy in the past, I suggest that we agree upon an accountant to compute the unpaid balance. But please understand whatever the correct balance is my client, Mr. Claude Montgomery is ready, able and willing to pay the same in full as soon as you comply with our request for the abstract of title. As a matter of fact you could have had all your money weeks ago if you had furnished us with the abstract. Trusting you will see fit to abide by your written agreement heretofore made, I am Respectfully yours, Ernest E. Owens."

The facts of this case bring it within the principles announced in the case of *Dempster* v. *Miller* (1954), 124 Ind. App. 518, 119 N. E. 2d 720, and while in the pleadings filed by appellee there does not appear to be a demand for specific performance, which was the relief granted by the trial court, there was evidence introduced without objection which clearly entitles the appellee to the equitable relief granted by the lower court, and this court on appeal must deem the pleadings therefor to be amended to entitle the appellee to the relief granted by the trial court.

Further error assigned by the appellant is that the court erred in the admission and rejection of certain evidence, based upon the contention of appellant that no plea of payment had been filed in this cause. However, by his second paragraph of answer, the appellee has alleged that he made the monthly payments when

the same became due and that such tenders of payment were refused by the appellant, and the evidence supports the conclusions stated in such answer. The evidence also supports the conclusion that the appellee was ready, willing and able to make the payments due on the contract to entitle him to a deed.

The decision of the lower court is sustained by sufficient evidence and is not contrary to law, and it is therefore hereby affirmed.

NOTE.—Reported in 125 N. E. 2d 37.