SHEEHAN CONSTRUCTION COMPANY *v.* LEETCH ET AL.

[No. 18,866. Filed December 8, 1958. Rehearing denied January 14, 1959.]

*Harry M. Stitle, Jr.,* of Indianapolis, and *Richard W. Adney,* of Lebanon, for appellant.

*Willis K. Kunz, Halbert W. Kunz,* both of Indianapolis, and *Scifres & Hollingsworth,* of Lebanon, for appellees.

BOWEN, J.—This is an appeal from a judgment in an action for possession of real estate and damages.

The appellant company was selling and the appellees, Garner W. Leetch and Freda Leetch, husband and wife, were buying a certain double house under the terms of a real estate conditional sales contract. The complaint of appellant sought damages for the unlawful detention of such property and for attorney's fees allegedly due under the terms of such contract.

The appellees filed answer in five paragraphs alleging that the appellees had made all payments due under

such contract but that the appellant had refused to accept the same and had failed and refused to accept appellees' tenders of payment, and alleged in the fourth paragraph that the contract is an amendment of a former contract entered into by the same parties for the purchase of the same property and the appellant had waived the provision contained therein making time of the essence by prior acceptance of overdue payments, and further alleging that the contract was in fact a refinancing agreement and is in the nature of a mortgage and that appellees' equity must be foreclosed as provided by law. In addition appellees filed a counterclaim for specific performance alleging payment and tender of all sums due under the contract and demanded that appellant be compelled to execute a deed for such real estate.

Appellant filed a reply to the allegations of the several paragraphs of answer and answer denying the allegations of the counterclaim for specific performance.

The cause was submitted for trial to the court, and the court heard evidence, and found for the appellee, Freda Leetch, as the surviving widow of Garner W. Leetch who had died during the pendency of such litigation, and that appellee recover upon her counterclaim; and that upon payment into court of the sum of $7801.91 by appellee for appellant, appellee was entitled to a deed to the real estate and an abstract of title showing marketable title. The court further appointed a commissioner to convey the real estate in the event that appellant refused to comply with the court's order and judgment.

Appellant filed a motion for a new trial based upon the grounds that the finding and decision of the court is not sustained by sufficient evidence and is contrary

to law. Sole error assigned for reversal is the court's action in overruling appellant's motion for a new trial.

From the record it appears that the contract in question was the second contract between the parties; that the first contract did not require a down payment and thereafter the appellees made irregular payments, and later when they were in default appellant brought an action to terminate the contract and upon appellees' default in such previous action the Superior Court cancelled the contract and entered judgment for appellant for possession and damages. One of the appellees being in the hospital at this time, the parties, the month in which such judgment was entered, entered into a new contract which is the contract involved in the present cause of action, and the appellant resold the same property to the appellees at the same price, agreeing to give them credit as a down payment for the net amount previously paid, and on this date the appellees made payments to appellant to bring the contract approximately up to date, and the appellee reimbursed the appellant for attorney's fees and court costs which the appellant had incurred in bringing the first action. Later the appellees brought an action to set aside the default judgment in Superior Court and it was set aside, and the parties thereafter treated the second contract as the one in effect. The present action for possession was later filed in the year following the execution of the contract in suit alleging that appellees were in default.

The evidence in the record most favorable to the appellees shows that at the time of the execution of the contract in question the appellant voluntarily credited appellees with the down payment of $2030.70 leaving a balance of $7969.30. The contract provides for monthly payments of $100.00 per month, the first

payment to be due and payable April 25, 1950. The payment book of the appellees, which was introduced as Exhibit 1 showed a balance of $7969.30 and then showed ten $100.00 payments and one $75.00 payment. In addition such book showed payments of $92.94 for taxes and $95.00 for insurance. The contract in question also provided for a grace period of thirty days in payment of the monthly installments. Therefore, from this evidence the contract would not have been in default on the monthly installments until January 25, 1951. Furthermore, appellant's witness, Mr. Curtis, testified that the insurance was prepaid to September 25, 1951. In addition taxes on the real estate, based on a pro rating provision over a twelve month period, would have been paid to May, 1951.

There is a conflict in the evidence regarding a payment of $572.00 on March 29, 1950, for which only $487.94 was credited by appellant, which conflict the court by its judgment herein has resolved in appellees' favor.

On January 8, 1951, the following letter was sent by the attorney for appellees to the appellant, which letter reads as follows:

"The Sheehan Construction Company
207 Holiday Building
Ohio and Alabama Streets
Indianapolis, Indiana

Attention: Mr. Curtis

Gentlemen:

As attorney for Garner W. Leetch and Freda M. Leetch, I am hereby notifying you that said Garner W. Leetch and Freda M. Leetch, or their assigns, intend to prepay the balance due on a certain Conditional Sales Contract dated March 29, 1950, with the Sheehan Construction Company covering certain property known as 3422-3424 East 26th Street immediately, and do hereby demand that an ab-

stract of title be furnished them pursuant to the terms of said contract.

Yours very truly,

Willis K. Kunz /s/"

There was no response received by the appellees to this letter and no tender of an abstract in any form was made to the appellees.

Later the appellees attempted to make a tender by cashier's check at which time appellant referred appellees to its attorney. Thereafter, on September 19, 1951, the evidence shows that the appellee, Garner W. Leetch, with his attorney, Mr. Kunz, went to the appellant's place of business and talked to the appellant's president, Mr. Curtis, at which time they had a money order for the purpose of tendering the alleged balance due. When questioned Mr. Curtis testified as follows concerning such incident:

"Q. What was the conversation about do you know?

"A. You were wanting to make a tender.

"Q. And what did you say?

"A. I didn't let you finish."

The record also shows that Mr. Kunz and the appellee, Garner Leetch, went to the home of Mr. Curtis, and in his testimony, when asked regarding such transaction if Mr. Leetch offered him anything, answered, "He didn't, I slammed the door in his face and never said nothing."

The record is replete with evidence of unwillingness of appellant to carry out its contract, which began in the first instance by its refusal to reply to appellees' request for an abstract of title to the real estate in question on January 8, 1951, and by subsequent acts which showed a complete repudia-

tion of the contract by the appellant and the intention to attempt to recover the property. *Brown, Admr. etc.* v. *Montgomery* (1955), 125 Ind. App. 395, 125 N. E. 2d 37. There is also sufficient evidence of probative value from which the lower court could have concluded that an equitable tender had been made. *Jacoby* v. *Rosebrock* (1947), 117 Ind. App. 435, 70 N. E. 2d 766; *Malone* v. *Kirkley* (1948), 118 Ind. App. 611, 82 N. E. 2d 530. The law is settled that after a vendor's refusal to perform, a tender of the amount due is not necessary as a condition precedent to a purchaser's suit for specific performance. *Dempster* v. *Miller* (1954), 124 Ind. App. 518, 119 N. E. 2d 720; *Walcis* v. *Kozacik* (1927), 86 Ind. App. 484, 156 N. E. 589.

The appellees in this case had written two letters to appellant in which they offered to pay the amount due under this contract and the money was available to appellant. In addition, attempted tenders were offered to the appellant in the form of a cashier's check in the amount of $7201.07 which was tendered to appellant's attorney and appellees were advised that such check would not be accepted. This offer was communicated to appellant's president and he authorized his attorney to accept it or reject it as in his judgment he thought best. While it is true that a tender by cashier's check is not good as a strict legal tender under the Indiana authorities an equitable tender may be made by check. *Jacoby* v. *Rosebrock, supra.* Furthermore, since there is evidence of probative value from which it could have been concluded that the appellees were not in default and did not break the contract under the circumstances the appellant would not have been entitled to attorney fees, which is one of the items of difference between appellant and appellees.

Furthermore, the record in this case is devoid of any evidence that the vendor, before attempting a forfeiture of such contract, gave the purchaser, ■ appellees, any notice of intention to insist upon the forfeiture if the amount due was not paid within a reasonable time, which is required under the law. *Clayton* v. *Fletcher Savings & Trust Co.* (1929), 89 Ind. App. 431, 155 N. E. 539, 107 A. L. R. 400; *Baker* v. *Eades* (1930), 90 Ind. App. 664, 169 N. E. 686; *Carr et al.* v. *Troutman et al.* (1954), 125 Ind. App. 151, 123 N. E. 2d 243.

The judges of both divisions of this court having been of the unanimous opinion that the questions involved in this cause were of sufficient importance that the two divisions of this court should sit in banc for the consideration and decision of said cause, said court did so sit upon the unanimous decision of this court to such effect.

For the reasons given herein the lower court did not err in overruling appellant's motion for a new trial, and the judgment herein is affirmed.

NOTE.—Reported in 154 N. E. 2d 423.