MCBRIDE *v.* GRIFFITH ET AL.

[No. 19,537. Filed September 24, 1962.]

*John W. Tranberg,* of Indianapolis, for appellant.

*William B. Patrick,* of Indianapolis, for appellees, Robert Snider and Juanita Snider.

*George Burkhart,* of Indianapolis, for appellees, Lucille S. Hill Griffith and William H. Griffith.

BIERLY, J.—This was an action brought by the appellant herein for the cancellation of a conditional sales contract for the sale of real estate, possession of the real estate involved, and to quiet title thereof in the said appellant.

The issues formed by appellant's complaint alleged in substance that the appellees, Lucille Griffith and William H. Griffith[1] entered into a contract for the purchase of certain described real estate and that such contract was breached by them by being default in the monthly payments, failure to pay tax install-

---

1. Paul T. Hill, Lucille S. Hill, his wife, and William H. Griffith entered into the contract for the purchase of the real estate described in the conditional sales contract. Subsequently Paul T. Hill died and Lucille S. Hill, who was his sole heir, was later married to William H. Griffith.

ments, renting of the property, and by selling, assigning, or transferring the property to others without the consent of appellant, all in violation of their contractual agreements and responsibilities. The appellees, Robert Snider and Juanita Snider, were added as party defendants to answer as to their respective interests as purchasers of the equity of the Griffiths, appellees, in their conditional sales contract.

Trial was had and evidence heard before special Judge Charles K. McCormack on the 26th day of June, 1959, the 9th and 16th day of November, 1959 and on the 7th and 23rd days of December, 1959.

Judgment was rendered the 27th day of May, 1960, denying to the Appellant the cancellation of his contract sued upon and ordering Appellant, upon tender of $564.26 to convey to Appellees Griffiths the specific real estate involved. The Judgment further found for the Appellees upon their respective pleadings in accordance with the prayers thereof; and ordered Griffiths to convey to Sniders after Griffiths obtain title. It was also the Judgment of the Court that defendants Patterson, McCorkle and John Flory had no interest in the subject matter of the action or the results thereof.

The findings of the Court were filed June 9, 1960, wherein the Court found that the Appellant was not entitled to cancellation of his contract, but was entitled to judgment in the amount of $564.26. The Court further found for defendants as set out in the signed judgment and found for them on the respective paragraphs of answer in their respective proceedings. (Appellant's brief pp. 4 & 5.)

Appellant in his assignment of errors alleges that the court erred in overruling appellant's motion for a new trial which asserts, (1) That the decision of

the court is not sustained by sufficient evidence, (2) That the decision of the court is contrary to law.

Since the appellant herein was the plaintiff below and was charged with the burden of proof of the allegations of his complaint, his first ground of the motion for a new trial is unavailing to him. *Freeport Motor Casualty Co.* v. *Chafin* (1960), 131 Ind. App. 362, 367, 170 N. E. 2d 819 and cases cited.

The only question here we need to decide is whether or not the decision of the trial court is contrary to law. It is well settled by our decisions and of the Supreme Court that it is only when the evidence is without conflict and leads inescapably to but one reasonable conclusion, contrary to that of the trial court, that the decision of the trial court will be set aside on the ground that its decision is contrary to law. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669 and *Losche & Sons* v. *Williams & Associates* (1948), 118 Ind. App. 392, 395, 78 N. E. 2d 447.

The uncontradicted evidence made apparent by the record in this cause reveals that the appellees, Lucille S. Griffith and William H. Griffith, were not only dilatory in making their monthly payments on the real estate described in appellant's complaint as required by the terms of the conditional sales contract but were also many months in arrears in the said payments. Furthermore, they are delinquent in the payment of the taxes on said property. In addition, the appellees, Griffiths, admit that they first rented the property and then transferred their equity in the real estate contract here involved to Sniders, appellees, in violation of the aforesaid contract.

It appears, however, that the appellant herein consistently accepted payments from appellees at irregular times or intervals and in irregular amounts, and permitted the back or delinquent payments to remain unpaid. Similar testimony reveals a similar state of facts as regards the tax payments in arrears.

It is now established by the judicial decisions of this state that an indulgent vendor, who consistently fails to require of the vendee compliance with the contractual provisions existing between himself and the vendee, thereby waives the provisions of the contract making the time of payment of the essence thereof and casts upon him the duty to give definite and specific notice to the buyer that he will be indulgent no longer and has a present intent to make full use of the forfeiture provisions in the contract unless the delinquent installments are paid within a specified but reasonable time. *Clayton* v. *Fletcher Savings & Trust Co.* (1927), 89 Ind. App. 431, 434, 155 N. E. 539; *Baker* v. *Eades* (1930), 90 Ind. App. 664, 169 N. E. 686; *Chambers et al.* v. *Boatright et al.* (1961), 132 Ind. App. 378, 177 N. E. 2d 600, 603. Here the record fails to reveal the giving of any such notice by appellant to the vendees or their successors.

The renting of the property and the subsequent sale to Robert Snider and Juanita Snider by the Griffiths, together with the improvements made on the property, were in clear contradiction to the express terms of the conditional sales contract entered into between the Griffiths and the appellant herein. However, the evidence viewed in a light most favorable to the appellees, makes apparent that the appellant, at the time of sale, knew his purchasers were buying the property for investment purposes and were not going to live therein.

The evidence discloses, also, that the Griffiths purchased the house for the purpose of renting it to some third party and that the appellant had knowledge thereof and had instructed the Griffiths, as the contract purchasers, to inform their tenants to pay the rent to Griffiths. The evidence further reveals that improvements of a substantial nature had been periodically made, with knowledge thereof by appellant, on the property from 1954 through 1958 when this action was filed, and at no time did the appellant object thereto.

Juanita Snider, wife of Robert Snider, testified that on appellant's visit to the premises on or about May 30, 1958, and at appellant's request, she consented that he inspect the house; that the witness informed appellant what improvements they (Sniders) had made and were contemplating to make; that appellant said he owned the property but made no objections to improvements made or contemplated to be made; that these consisted of painting inside and out, finishing bathroom, bracing the floor and new rafters, done prior to appellant's visit, and new roof, gutters, insulation, siding, back porch, sidewalks and fence, done subsequently to said visit by appellant.

The Griffiths sold their equity to the Sniders January 31, 1956. From these facts and circumstances, and the permissible inferences deductible therefrom, we are constrained to hold that the trier of facts could reasonably find that the appellant had waived the contract restriction against the sale, transfer and assignment of the contract without his consent and his contract right to declare a forfeiture thereof, without notice, for breach of said provision. *Clayton* v. *Fletcher Savings and Trust Co.,*

*supra; Chambers et al.* v. *Boatright et al., supra; Baker* v. *Eades, supra.*

While it is true that the contract specifically provides that a failure to exercise the option to cancel shall not operate as a waiver of such right to cancel, yet, as said in *Chambers et al.* v. *Boatright et al., supra,* it was " 'only an option' " that " 'had not been exercised.' " *South Side State Bank* v. *Snyder* (1931), 92 Ind. App. 433, 442, 176 N. E. 52; *Clayton* v. *Fletcher Savings and Trust Co., supra; Hill* v. *Rogers* (1951), 121 Ind. App. 708, 99 N. E. 2d 270.

In our opinion appellant has failed to demonstrate that the decision of the trial court is contrary to law. We find no reversible error and therefore the judgment of the trial court should be affirmed.

Judgment affirmed.

Kelley, C. J., and Pfaff, J., concur.

Gonas, J., concurs.

Note.—Reported in 185 N. E. 2d 22.