VEIT ET AL. *v.* WINDHORST.

[No. 22,951.  Filed December 15, 1915.  Rehearing denied January 27, 1916.]

APPEAL.—*Review.*—*Failure to File Briefs.*—*Reversal.*—Where the alleged error most seriously presented by appellant had reference to a certain matter of procedure, which it was claimed prevented a fair trial of the cause, appellee's failure to file any brief in support of the judgment below warranted a reversal under the rule

that such failure may be treated as a confession of errors for which the judgment may be reversed.

From Dearborn Circuit Court; *Warren N. Hauck,* Judge.

Action between Margaret Veit and another and Richard Windhorst. From a judgment for the latter, Veit and another, appeal. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Reversed.*

*McMullen & McMullens,* for appellants.
*Givan & Givan,* for appellee.

SPENCER, J.—This is an appeal from a judgment of the Dearborn Circuit Court establishing a boundary line between adjacent lands owned by appellant Veit and appellee. The cause was submitted on February 19, 1914, and appellants' brief on the merits thereof was filed on April 8, 1914. On May 2, 1914, appellee filed a motion, supported by briefs, to dismiss the appeal on the ground that no question is properly presented thereby. This motion was overruled on May 12, 1914. On October 26, 1915, this cause was transferred to this court, but appellee has never filed any brief in support of the judgment below.

We have frequently held that where appellee fails to file a brief controverting the errors complained of by appellant, such failure may be taken or deemed to be a confession of such errors, for which the court may reverse the judgment and remand the cause without prejudice to either party. *Burroughs* v. *Burroughs* (1913), 180 Ind. 380, 103 N. E. 1, and cases cited; *Eigelsbach* v. *Kanne* (1915), *ante* 62, 110 N. E. 549.

The alleged error which is most seriously presented by appellants has reference to a certain matter of procedure rather than to any question of sub-

stantive law which would probably arise on a retrial of the issues, and in view of appellee's failure to sustain such procedure, which, it is claimed, prevented a fair trial of the cause, we are constrained to adopt in this case the rule above referred to. Judgment is reversed, with instructions to sustain appellants' motion for a new trial. Cause remanded for further proceedings.

NOTE.—Reported in 110 N. E. 666. See, also, 3 C. J. 1446; 2 Cyc 1024.