## CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY *v.* AMERICAN TRUST COMPANY.

[No. 12,415. Filed October 8, 1926.]

1. TRIAL.—*Instruction submitting to jury whether railroad crossing was located in thickly populated part of city held improper.*—In an action for damages to a truck struck by a train at a street crossing, an instruction submitting to the jury whether the crossing was located in a thickly populated part of a city was improper and should not have been given where there was no allegation or evidence that it was so located. p. 195.

2. TRIAL.—*Instruction authorizing finding of railroad's negligence at street crossing without flagman, held to be error.*—In an action for damages to a truck struck by a train at a street crossing, an instruction authorizing a finding of defendant's negligence if no flagman was stationed at the crossing, no reference being made as to the speed of the train or the manner of its operation, was error. p. 195.

3. RAILROADS.—*Instruction requiring railroad company to use all its facilities to give warning of approach of its train to a crossing, held erroneous.*—In an action for damages to a truck struck by a train at a street crossing, an instruction that the railroad company was required to use "all the facilities it had to give reasonable warning of the approach" of its train to the crossing was error, as the company was only required to use reasonable care to give warning. p. 195.

4. RAILROADS.—*In absence of regulations, whether railroad company exercised reasonable care in warning of train's approach to crossing is for the jury.*—In so far as the duty of a railroad company to give warning of the approach of a train to a street crossing has not been defined by statute or ordinance, or fixed by an order of the Public Service Commission, it is for the jury to determine what would constitute reasonable care. p. 195.

From Jasper Circuit Court; *George A. Williams,* Judge.

Action by the American Trust Company against the Chicago, Indianapolis and Louisville Railway Company. From a judgment for plaintiff, the defendant appeals. *Reversed.* By the court in banc.

*C. C. Hines* and *Alfred Evens,* for appellant.
*Jessup & Strode,* for appellee.

REMY, J.—Action by appellee against appellant for damages to a motor truck caused by a collision of the truck with appellant's locomotive and train, at a railroad and street crossing in the city of Rensselaer. It is alleged in the complaint that defendant was negligent: (1) In permitting certain freight cars to stand upon a side track within a few feet of the traveled portion of the street at or near the crossing; (2) in failing to station a flagman at the crossing; (3) in failing, as required by statute, to sound the whistle of the locomotive when not less than eighty nor more than 100 rods from the crossing, and to ring the bell attached to the locomotive; and (4) in failing to give "reasonable and timely warning" to travelers on the street of the approach of the train.

Trial resulted in a verdict and judgment for plaintiff.

Questions requiring consideration arise upon the action of the court in overruling motion for new trial.

The court, by an instruction given on its own motion, submitted to the jury the question as to whether or

not the crossing where the collision occurred was located in a thickly populated part of the city, although there was no allegation in the complaint, and no evidence on the trial, that it was so located. Clearly the instruction was not within the issues, and should not have been given. *Hatton* v. *Hodell Furniture Co.* (1920), 72 Ind. App. 357, 125 N. E. 797.

By the court's instruction No. 4, the jury was authorized to find the defendant guilty of actionable negligence if it found from the evidence that at the time of the collision no flagman was stationed at the crossing, no reference being made in the instruction as to the speed of the train, or the manner in which it was being operated. This was error. *Terre Haute, etc., Traction Co.* v. *Phillips* (1921), 191 Ind. 374, 132 N. E. 740; *Lake Erie, etc., R. Co.* v. *Johnson* (1922), 191 Ind. 479, 133 N. E. 732; *Ohio Electric Co.* v. *Evans* (1922), 77 Ind. App. 669, 134 N. E. 519. Also, and for the same reason, the trial court erred in refusing to give instruction No. 3 tendered by appellant. The law governing the question is fully discussed in the cases cited.

It was error for the court to instruct the jury, as it did, that the defendant railway company was required to use "all the facilities it had to give reasonable warning of the approach" of its trains upon the crossing. It was the duty of the company to use reasonable care to give warning, and in so far as that duty had not been defined by statute or ordinance and had not been fixed by an order of the Public Service Commission, it was for the jury to determine what would constitute reasonable care.

Other errors presented are not likely to arise on a retrial.

Reversed.