MAZAC *v.* CITY OF MICHIGAN CITY.

[No. 14,784.   Filed March 15, 1934.]

*Matt J. Kenefick* and *Walter E. Parent,* for appellants.

*Neville V. Williams,* for appellee.

SMITH, J.—Appellants entered into a contract with appellee for the collection and disposal of garbage for the city of Michigan City, Indiana, which contract began on the 7th day of April, 1930, and was to continue for a period of five years, in consideration of payment by appellee of the sum of $65,000, payable in monthly installments of $1,083.33.

After this contract was executed by the board of public works of the city of Michigan City under and by authority of an ordinance passed by appellee, the personnel of the administration of the city of Michigan City changed. On the 31st day of March, 1931, appellants and appellee entered into a new contract for the same purpose for a term of nine months, ending on the 31st day of December, 1931, which replaced the original contract of April 7, 1930.

In December, 1931, near the termination of the second contract, the appellee advertised for bids for the collection and disposal of garbage, and let a contract for this purpose to persons other than appellants.

Appellants then brought this action upon a complaint in two paragraphs. The first paragraph set up the contract of April 7, 1930, and asked the court to enter an order declaring it to be valid, and to declare the second contract null and void and of no effect. The second paragraph of complaint alleged the execution of the two contracts; that the appellants had the exclusive privilege under the original contract for the collection and disposal of the garbage, and relying upon their five-year contract, made large expenditures of money; that said contract was valid; that the appellee city entered into another contract with other persons for the year 1932, and that the appellee would breach the original contract with appellants unless restrained by an order of the court. Then follows an allegation that appellants

have no adequate remedy at law for the breach of said contract, and that they would suffer irreparable loss, and prayer for an injunction.

Appellee answered this complaint in three paragraphs: (1) General denial; (2) alleging the execution of the contract of March 31, 1931, and that thereby contract of April 7, 1930, was waived and cancelled; (3) alleging the execution of another contract by the city of Michigan City with third parties for the disposal of the garbage for the year 1932.

Appellants filed a reply to the second and third paragraphs of answer, setting up that the contract of March 31, 1931, was executed by the appellants through fraud and false representation, "exercised" upon them by the officers of appellee; and that there was a failure of consideration for this contract.

The cause was submitted to the court for trial, and, on the 22d day of January, 1932, the court made a general finding against appellants and for appellee.

The court found, and there is sufficient evidence to sustain it, that the contract of April 7, 1930, was not submitted to the common council for ratification at the time it was executed, and that there was less than $24,000 appropriated for use in the collection and disposal of garbage and refuse. The court also found that the city attorney of appellee represented to appellants that the contract of April 7, 1930, was illegal and void, and induced and persuaded them to surrender the same and enter into a new contract with appellee upon the same terms, but for a period of only nine months; that the appellant surrendered the contract of April 7, 1930, and then executed a new contract under the belief that it would be renewed from year to year for a period of five years.

A judgment and decree was rendered that the contract of April 7, 1930, was and is null and void, and

that no rights accrued to anyone by reason thereof; and that all questions arising under the contract of March 31, 1931, are moot, because the same has been fully performed. Judgment was also rendered denying an injunction to appellants, and for costs against them.

The appellants seasonably filed their motion for a new trial, which was overruled; this ruling of the court being the only error properly assigned for reversal.

There are only two grounds in the motion for a new trial that raise any question; namely, the decision of the court is not sustained by sufficient evidence, and the decision of the court is contrary to law.

The only questions involved in this case are: Was the contract of April 7, 1930, a valid contract? And, did appellant surrender the same through fraud on the part of appellee?

The second question can be readily answered, for there is no evidence showing any fraud. A representation was made by the city attorney of appellee that this contract was void under the law. This was not fraudulent because the contract of April 7, 1930, was illegal.

Section 10307, Burns Ann. St. 1926, §48-1507, Burns Ind. Stat. Ann. 1933, §11464, Baldwin's Ind. Ann. Stat. 1934, which controls the making of the contract in question, provides that no executive department, officer, or employee of a city, such as appellee, shall have the power to bind such city to any contract to any extent beyond the amount of money at the time already appropriated by ordinance for the purposes of such department; and all contracts and all obligations of any and every sort beyond such existing appropriations are declared to be absolutely void. Then there is a provision in the section which reads:

"That the board of public works shall have power to contract with any individual or corporation for

lighting the streets, alleys and other public places or for supplying the city with gas, water, steam, power, heat or electricity, and for the collection, removal and disposal of garbage, ashes or refuse, on such terms and for such times, not exceeding the term fixed by section two hundred and fifty-four of this act, as may be agreed upon; but any such contract shall be submitted to the common council of such city and approved by ordinance before the same shall take effect, and, if so approved, shall immediately become effective."

Section 254, referred to in the section quoted (§48-7302, Burns 1933, §12726, Baldwin's 1934) fixed twenty-five years as the limit of the term.

The part of the statute above quoted provides that a contract of this character, before it becomes effective, shall be submitted to the common council, and approved by ordinance. The findings of the court show: "That this contract was not submitted to the common council for ratification and at the time it was executed there was less than $24,000 appropriated for use in the collection and disposal of garbage and refuse." Without passing upon the question whether the contract was void because of the lack of sufficient appropriation, it was void because it had not been submitted to or approved by the common council of appellee, as provided by statute.

Appellants contend that the passing of the ordinance by the city of Michigan City authorizing the board of public works to enter into a contract for the disposal of garbage amounted to a ratification of this particular contract. The ordinance referred to was a general ordinance passed by the city for the purpose of authorizing the making of contracts for the disposal of garbage in order to relieve the city from the burden and responsibility thereof. It cannot be said that the passing of this ordinance amounted to a, ratification or approval of the contract, for the contract was not let until after the ordinance was passed.

Appellants also contend that appellee is estopped from denying liability under the contract, because it was acted upon and partly performed. Since the contract is void, and cannot become effective, there could be no estoppel. The contract being illegal, it was incapable of ratification so as to make it binding. *City of Indianapolis* v. *Wann, Receiver* (1896), 144 Ind. 175, 188, 42 N. E. 901. Furthermore, estoppel is not pleaded in this case.

Upon the question of modification of the judgment, there can be no error as the motion does not set out in what particular the judgment should be modified. The evidence was sufficient to sustain the decision of the court, and such decision was not contrary to law. Appellee has not favored the court with a brief; however, appellant has not made a prima facie showing of reversible error. Therefore, the judgment of the lower court is affirmed.