GILBERT, EXECUTOR ET AL. *v.* HARGES ET AL.

[No. 15,454. Filed January 28, 1936.]

*Condo, Van Atta & Batton* and *Long & Yarlott,* for appellants.

*Bowers, Feightner & Bowers, Chester H. Huston, Marcus C. Downing, A. A. Slaybaugh* and *Gemmill, Brown & Campbell,* for appellees.

WOOD, J.—This is an appeal from a judgment setting aside the last will and testament of one Mahlon Powell, deceased, of Wabash County, Indiana.

The appellants have assigned as error for reversal, (1) the overruling of their motion to strike out part of appellee's (plaintiff's) complaint; (2) the overruling of their demurrer to the complaint; (3) the overruling of their motion for a new trial; and (4) the overruling of their motion in arrest of judgment.

All the appellees except Ernest Gibson have filed an admission and confession of error as to the first three errors assigned as causes for reversal and consent to a reversal of this cause.

There has been no brief filed for or on behalf of any of the appellees. This may be considered as a confession of error, and the court may in its sound discretion determine the questions presented by appellants' brief, or it may reverse the judgment without prejudice to either party, without considering the appeal on its merits, providing the appellants' brief makes an apparent or prima facie showing of reversible error. *Bryant* v. *School Town, etc.* (1930), 202 Ind. 254, 171 N. E. 378, 173 N. E. 269.

Since the appellee Ernest Gibson has not joined in the confession of errors, the duty is imposed upon this court of determining whether or not appellants' brief presents an apparent or prima facie showing of reversible error. In their motion for a new trial, the appellants alleged the giving to the jury of instructions numbered four and six tendered by the appellees as two of the causes therefor. Whether the giving of these two instructions was such an error as requires the reversal of this cause is properly presented for our consideration in appellants' brief. In support of their contention appellants assert in their brief that, "The record fully discloses that there was no evidence upon which the said instructions four and six could be predicated."

Because of his failure to file a brief, the accuracy of this statement is not challenged by appellee Ernest Gibson, and by filing their confession of errors, is admitted by all his co-appellees. Ewbank's Manual of Practice (2nd Ed.), sec. 190, p. 396; Revised Rules Supreme and Appellate Courts, Rule 22.

It is error to give instructions to the jury not applicable to the case proven by the evidence. *Blough* v.

*Parry* (1895), 144 Ind. 463, 40 N. E. 70, 43 N. E. 560; *Allyn* v. *Burns* (1906), 37 Ind. App. 223, 76 N. E. 636; *Chicago, etc., Co.* v. *American Trust Company* (1926), 85 Ind. App. 193, 153 N. E. 419.

We conclude that appellant's brief makes a prima facie showing of reversible error. In view of the state of the record in this case and the result which we have reached, it is not necessary to discuss other errors presented and urged for reversal of this cause.

Judgment reversed with instruction to the lower court to grant appellants' motion for a new trial.