## STATE ex HERBERT v WHIMS

Ohio Appeals, 2nd Dist, Franklin Co

No 3314. Decided May 29, 1941

Thomas J. Herbert, Attorney General, Columbus; William J. Berwanger, Asst. Atty. Gen'l., Columbus, for plaintiff-appellee.

John W. Cooper, for defendant-appellant.

## OPINION

By GEIGER, PJ.

The action involves an appeal from the judgment of the Court below based upon a verdict of the jury finding in favor of the plaintiff, Thomas J. Herbert, Attorney General, on behalf of Grover Williamson in the sum of $1002.29.

The action was brought by the Attorney General under favor of §1465-74, providing for the redress of an employee when the employer has failed to comply with the Industrial Commission Act. This section provides in substance that any employee whose employer has failed to comply with the provisions of §1465-69, who has been injured in the course of employment may, in lieu of proceeding against his employer by civil action as provided by the preceding section, file his application with the Commission for compensation, and the Commission shall hear such application in like manner as other claims and shall make an award as if such employer had complied with the provisions of §1465-69. In the event of the failure of the employer to pay such compensation, the same shall constitute a liquidated claim for damages in the amount so fixed by

138

the Commission and the Commission shall certify the same to the Attorney General who shall institute a civil action for the collection of such award. In such action it shall be sufficient for plaintiff to set forth a copy of the record of the proceedings of the Commission relative to such claims as certified by the Commission and to state that there is due to plaintiff a specified sum.

"A certified copy of such record of proceedings in such claim shall be attached to the petition and shall constitute 'prima facie' evidence of the truth of the facts therein contained."

The Act provides for the filing of other pleadings and that as soon as the issues are made the case shall be advanced. The amount recovered in such action from such employer shall be paid into the State Insurance Fund.

The petition alleges that on the 18th of March, 1940, the Commission made an award against the defendant, Jackson D. Whims, in favor of Grover Williamson, which was duly certified and a copy attached. The petition alleges there is due the plaintiff the amount of $1002.29.

To this petition was attached a certified copy of the finding and order of the Commission.

The defendant answered admitting that the Commission made the finding and award, but denied all other allegations, and says that on or about June 16, 1939, the only person employed by him for farm labor upon his farm was Grover C. Williamson, and that he did not have in his employ any other person or persons at or about said time.

Sec. 1465 provides that the term 'employee' shall be construed to mean every person in the service of an employer employing three or more workmen regularly in the same business under any contract for hire, express or implied.

The evidence discloses that Jackson D. Whims is a farmer of Franklin County operating about 400 acres in Franklin County. He employed the plaintiff to do general farm work on one of his farms of 220 acres. The plaintiff was employed by him on two separate occasions, first beginning in 1933 and terminating in 1936, at varying compensation during that period. He was re-employed in 1939. During the early part of that summer Mr. Williamson while milking a cow was struck in the eye by the cow's swishing tail, and his sight seriously impaired. Thereupon Williamson quit the employ, as did his sons.

The definite defense is made that Williamson was the only person employed by Whims, it being claimed that Williamson was an independent contractor and that while his three boys worked with him on Whims' farm at the time of the accident they were as a matter of fact not working for Whims, but working for their father Williamson, and that therefore Whims did not have in his employ at that time three or more operatives.

We have carefully read the record in this matter and readily arrive at the conclusion from the testimony of Grover Williamson, the father of Kenneth, Chester and Paul Williamson, three of the sons, as well as from the statement made by the defendant Whims, that the sons of Grover Williamson, at least during the last period of employment, when they had all but one reached the age of majority, and two were married, were working as employees of Whims and not as employees of their father. Whims was accustomed to pay the entire compensation, which during the latter period of employment was $125.00 per month. to the father with instructions to divide it between the boys, but nevertheless there is sufficient evidence to justify the jury in finding that the boys were employed for farm work by Whims nothwithstanding the payment of the compensation in a lump sum to the father.

The case of **Industrial Commission v Laird, 126 Oh St 617,** holds that the law indulges no presumption that an employee is either a servant or an independent contractor and the burden is upon the party having the affirmative

to show the relation to be such as to entitle him to recover. Where the claim is made on one side that the party injured was an employee and on the other side that he was not an employee but an independent contractor, the burden is upon the claimant to prove by the greater weight of the evidence that he was such employee at the time of the injury. If the claimant offers some testimony tending to prove at the time of the injury that he was an employee, the issue should be submitted to the jury under proper instructions and failure to do so constitutes error.

"The vital test in determining whether a person employed to do certain work is an independent contractor or a mere servant, is the right of control over the work reserved by the employer."

In the case at bar the employer testifies that he controlled the work and further all of the boys testified that they reported to Whims daily for instructions as to what he wished done and followed those instructions. There is no claim made in the evidence that the father to the exclusion of the landowner claimed a right of control over the work done by his sons. The testimony is clear that upon the second engagement by the landowner of the father, when the boys had reached majority, the father told Whims that the boys were at liberty to exercise their own judgment as to whether they should go back to the farm or continue in the work in which they were then severally engaged, free from any connection with the father. We, therefore, find that at the time of the accident, three or more workmen were regularly employed in the farming enterprise, each under a separate contract.

The next question raised is the claim that the provisions of §1465-74, that "a certified copy of such record of proceedings in such claim shall be attached to the petition and shall constitute prima facie evidence of the truth of the facts therein contained" are unconstitutional.

Counsel for defendant urge that this section places the burden upon the defendant to overcome the finding of the Commission, whereas the burden should be upon the plaintiff to establish all the facts essential to his recovery by a preponderance of the evidence, and that this violates the Constitution. On the other hand, it is urged by the State that the provision of the statute is not unconstitutional in that it simply provides that under certain conditions the finding of the Commission should be prima facie evidence of a certain state of facts, and that the defendant had ample opportunity to meet this prima facie evidence by the production of his evidence. The words "prima facie" as used in statutes merely mean a fact presumed to be true unless disproved by some evidence to the contrary, but they always imply that the proper party shall have the opportunity of offering proof in rebuttal of the prima facie facts. "Prima facie" in this case is a presumption that the order of the Commission based upon facts presented to it is presumed on appeal to be just, reasonable and correct, subject to be overcome or rebutted by the facts in the record as found by this reviewing court.

The section in question has been before the Court in several cases, in the first of which the question of its unconstitutionality was based upon the fact that it did not provide for the trial by jury before the Commission.

One of the most frequently quoted cases is that of State ex Turner v Fassig, first reported in 5 Oh Ap Rep. p. 479, wherein it was held that the provisions of §27 of the Act (being §1465-74 GC), fixing the liability of noncomplying employers for injuries to employees, are constitutional. This case was reviewed and reported by the Supreme Court, 95 Oh St 232, where it is held that in the exercise of the power

granted by the section of the Constitution to pass a compulsory compensation law, the assembly is authorized to include all such reasonable provisions as are necessary to make the law effective. In providing for the enforcement of its enactments the Legislature may clothe administrative officers with power to ascertain whether certain specified facts exist without delegating to such officers legislative or judicial powers; that the provisions of §1465-74 constitute a valid exercise of legislative power not repugnant to the Constitution. The act at that time did not contain the provision that the finding of the Constitution should be **prima facie** evidence, but the attack was directed against the lack of an opportunity for trial by jury before the Commission fixed the compensation. The case of **Pittsburg Coal Co. v Commission, 108 Oh St 185** holds that §1465-74 GC, provides an adequate remedy by due course at law, whereby the employer when sued for the compensation fixed may contest all jurisdictional facts necessary to be determined by the Commission before making an award for compensation. The matter is discussed by Jones, J., delivering the opinion of the Court at large, on page 190.

**DeWitt v State, 108 Oh St 513,** holds that §1465-74 is a valid and constitutional enactment, not repugnant to either federal or state Constitution. This decision held that the provision of the Act as to the 50% penalty was constitutional.

The case of **State v Hershner, 118 Oh St 555,** held that the clause contained in the section imposing 50% penalty, in addition to the statutory award, is unconstitutional and void, but the decision did not criticize the lack of a jury trial or the **prima facie** provision. The very matter here in question was under consideration by the Court of Common Pleas of Hamilton County, Gorman, J., afterwards a member of the Supreme Court, rendering the opinion. It is there held that the section in question which provides that the certified copy shall constitute **prima facie** evidence of the truth of the facts therein contained, places the burden of proving that the injury did not occur during the course of employment by the defendant employer, upon the employer.

"Such statute is within the power of the Legislature to prescribe the rules of evidence and methods of proof, and to provide that certain facts shall be **prima facie** evidence or presumptive evidence of other facts, if there is a natural and rational evidentiary relationship between the facts proved and those presumed, there being no vested right in rules of common law as guides of conduct."

The Court quotes many cases and his decision deserves a careful reading.

Our statutes are replete with provisions that under certain conditions the finding of a ministerial officer shall be **prima facie** evidence of certain facts. A provision that is often called to our attention is that a speed beyond a certain rate is **prima facie** evidence of a speed that is greater than is reasonable and proper. This provision does not in any way prevent a person exceeding such speed limit from showing either that he was not guilty of the speed claimed or that under the peculiar circumstances it was not greater than was reasonable and proper.

The claim is made that there is error in the instructions of the Court. We have gone over this carefully and see no reason why the same should be criticized, nor any instruction which would give rise to prejudicial error.

Judgment of the Court below affirmed.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.