SHELDMYER *v.* BIAS ET AL.

[No. 16,924.   Filed December 22, 1942.]

*Leslie R. Naftzger* and *William L. Naftzger,* both of Kokomo, for appellant.

BEDWELL, J.—The appellant, as plaintiff, instituted an action in the court below against the appellees, as defendants. By the first paragraph of his complaint he sought a decree for a specific performance of an alleged contract for the conveyance of real estate, and by the second paragraph he sought to recover damages in an amount equal to the value of the real estate because of the alleged failure of Maud Sheldmyer, deceased, and her heirs at law, to execute to him a deed for the real estate in question. The complaint alleged that the contract for the conveyance of the real estate was made by the appellant and his aunt, Maud Sheldmyer, who died before performance thereof. The appel-

lee, Union Bank and Trust Company, is the administrator of the estate of Maud Sheldmyer, deceased, and the appellees, James Bias, Isabel Dingeldine and Elizabeth Maher, were, at the time of her death, her sole and only heirs at law.

The trial court sustained a demurrer for insufficiency of facts to each paragraph of the complaint, and the appellant has appealed from the judgment that was rendered against him upon his refusal to plead further.

The appellees have failed to file any brief in support of the judgment of the court below, and the appellant is asking for reversal because of such neglect.

Generally, the failure of appellees to file a brief in support of a judgment in their favor is considered as equivalent to a confession of error, warranting, although not requiring, a reversal. *Bryant* v. *School Town of Oakland City* (1930), 202 Ind. 254, 171 N. E. 378, 173 N. E. 268; *Brayton* v. *City of Rushville* (1918), 68 Ind. App. 238, 120 N. E. 48; *Gilbert, Executor* v. *Harges* (1936), 101 Ind. App. 394, 199 N. E. 424.

The failure or inexcusable neglect of an appellee to file a brief in support of a judgment from which an appeal has been taken may be deemed a confession of error, and an appellate court is justified, in its sound discretion, in determining the questions presented by the appellant's brief, or in reversing the judgment without considering the merits of the appeal. But the failure of an appellee to file a brief does not require a reversal and the discretionary power of the court to reverse the judgment should not be exercised unless the appellant's brief makes an apparent or *prima facie* showing of reversible error. *Bryant* v. *School Town of Oakland City, supra; Hanrahan* v. *Knickerbocker* (1905), 35 Ind. App. 138, 72 N. E. 1137;

*Golberg* v. *Hauer* (1924), 81 Ind. App. 23, 142 N. E. 125; *Pittsburgh, etc., R. Co.* v. *Linder* (1925), 195 Ind. 569, 145 N. E. 885.

When the record is simple and without complication, and in such condition that it can be conveniently examined, and the claimed error or errors presented by the brief of the appellant are of such a nature that we can safely pass upon them without the assistance of a brief from the appellee, then, despite the default of the appellee, we feel that we owe a duty to the court below to consider the merits of the appeal, and not to increase its work by a reversal, without consideration.

The first paragraph of appellant's complaint alleged facts for the purpose of showing that appellant and his aunt, Maud Sheldymer, made an oral agreement, and that by the terms thereof the appellant was to live with her at her home, and was to aid her in the handling of her property and business affairs. In consideration for such services she was to deed to him certain real estate in the city of Kokomo, Indiana, described as Lots 5 and 6 in Boulevard Park Addition to such city. The complaint further alleged that the aunt died suddenly as the result of an accident without having made such deed, but after the appellant had fully complied with those portions of the agreement that were to be performed by him. By this paragraph the appellant sought to require Elizabeth Maher, James Bias and Isabel Dingeldine, and the wife of James Bias and the husband of Isabel Dingeldine, to execute to the plaintiff a proper deed to the particular real estate and upon their failure to do so the pleading asked that a commissioner be appointed to make such conveyance.

By the second paragraph of complaint the appellant set forth facts showing the same agreement, but in-

stead of seeking specific performance he alleged that by reason of the failure of his aunt to execute the deed, and the failure and refusal of the brother and sisters of the aunt to execute a deed after her death, that he had been damaged in the amount equal to the value of the property and its rents and profits, and he asked a judgment against James Bias, Elizabeth Maher, Isabel Dingeldine, and the Union Bank and Trust Company, as administrator of the estate of Maud Sheldmyer, deceased, in the amount of $5,500, and that the court order the administrator to pay such sum out of the estate of Maud Sheldmyer, deceased, or to order contributions made by the defendants, James Bias, Elizabeth Maher and Isabel Dingeldine, as heirs of Maud Sheldmyer, deceased, or require the administrator to sell all or any of the property of which Maud Sheldmyer died the owner, as might be necessary for the purpose of satisfying such judgment.

In each paragraph of complaint, in addition to the facts showing the oral agreement between appellant and Maud Sheldmyer, the appellant is relying upon a letter written to him by his aunt while he was in California, as constituting a sufficient memorandum under the statute of frauds to evidence the agreement. This letter was as follows:

"May 21st, 1939
"Dear John
I miss you, so. I need you  Think I can not go on sometimes  Send me the keys to that car and let me keep up the payments Bad Boy  Call a taxi Use friends and your car in garage  How are you coming back let me know  Write me a letter Things are looking beautiful.  It is raining hard now and that is what it takes  Kitchen look different  Had stove put up a Rug on floor and did curtains  Lee moved out and other people over Helped Lee in every way but as you said it would be Think Grafts are going to be different  But John

do not let Grafts get you in *any way* People will try and they have never gotten ahead. Takes work and common sense. People in the little bungalows are keeping things up and living nicely. Remember will give you the same kind of deed to South bungalow That is all cleaned but needs painting.

Write me a letter love<br>(Signed) Maud

"Regards to all
Tell me all"

The statute of frauds (§ 33-101, Burns' 1933; § 8363, Baldwin's 1934) prohibits action on any contract for the sale of lands, "Unless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, . . ."

In the recent case of *Block* v. *Sherman* (1941), 109 Ind. App. 330, 34 N. E. (2d) 951, 955, we point out that a memorandum, in order to make enforceable a contract within the statute, must state with reasonable certainty the terms and conditions of all the promises constituting the contract, and by whom and to whom the promises are made. If any of the essential stipulations or undertakings of the verbal bargain are omitted, then the memorandum is insufficient and the agreement cannot be enforced at law or in equity.

We are of the opinion that the letter above set forth is insufficient as a memorandum of the essentials of the verbal agreement between the appellant and his aunt. The only sentence thereof that might refer to an agreement for the conveyance of real estate is the following: "Remember will give you the same kind of deed to South bungalow." This is insufficient to evidence the pleaded agreement. The memorandum must set out the terms of the agreement so

fully that the court can know from the writing what the party seeking to enforce the agreement was to do as well as what was to be done by the person against whom it was sought to be enforced. *Lee* v. *Hills* (1879), 66 Ind. 474, 480; *Burke* v. *Mead* (1902), 159 Ind. 252, 64 N. E. 880; *Porter* v. *Patterson* (1908), 42 Ind. App. 404, 409, 85 N. E. 797; *Neal* v. *Baker* (1926), 198 Ind. 393, 403, 153 N. E. 768.

A contract in writing which leaves some essential term thereof to be shown by parol, is only a parol contract, and is therefore not enforceable under the statute of frauds. *Wertheimer* v. *Klinger Mills, Inc.* (1940), 216 Ind. 481, 485, 486, 25 N. E. (2d) 246, 129 A. L. R. 1226. The appellant contends that the consideration for the promise of the aunt to give him a deed for the south bungalow could be shown by parol testimony and that it was not necessary that the same be included or set forth in the contract.

We quote the following from the recent case of *Wertheimer* v. *Klinger Mills, Inc., supra:*

> "The case of *Zimmerman* v. *Zehender* (1905), 164 Ind. 467, 73 N. E. 920, holds that contracts, which are required by law to be in writing, must be wholly in writing to be enforceable; and that where a writing purporting to set out a contract fails to include the agreed consideration such contract must be held to be a parol contract since it was necessary to prove a material part of such contract by parol evidence. The cases uniformly hold that parol testimony may be used to apply such a contract to its subject-matter, or to explain latent ambiguities, but not to supply facts to show the circumstances of the contract, or to supply any of its essential terms."

By the second paragraph of complaint the appellant does not seek to recover the value of services performed

for his aunt in reliance upon the contract. His action is an action based upon the alleged contract by which he seeks to recover the value of the property which he alleges his aunt agreed to convey. It is appellant's contention that on the authority of *Frost* v. *Tarr* (1876), 53 Ind. 390, and *Bell* v. *Hewitt's Executors* (1865), 24 Ind. 280, that where a promise has been made to convey property at death, in consideration of services, and the services have been performed, in reliance upon the promise, that an action for damages will lie and the value of the services will be measured by the value of the property to be conveyed.

In the case of *Wallace, Administrator* v. *Long, Guardian* (1886), 105 Ind. 522, 526, 5 N. E. 666, the Supreme Court reviews the two cases upon which appellant relies and modifies them in as far as they hold that the measure of damages in a case where services have been performed in consideration of property to be conveyed is the value of the property. The court in such case says:

> "When the title to property, either real or personal, is to be acquired by purchase, the statute of frauds will operate upon and affect the contract in precisely the same manner, whether the consideration for the purchase is to be paid in services, money or anything else. In either case, such a contract, being in parol and entirely executory, can not be enforced by either party, and it may be doubted whether a contract, which is within the statute so as to be incapable of specific enforcement, has sufficient validity to support an action for damages by either party, unless the contract was induced under, or its violation is involved in, some special circumstances of fraud or bad faith. . . . The most that can be recovered in such a case is the value of what may have been paid or performed by one party in reliance upon such a contract, when the other refuses to perform."

This second paragraph of complaint contains no allegation whatever concerning the value of services performed by appellant, nor does it allege any facts, such as the taking of possession of the real estate in question, that would be part performance, withdrawing the agreement from the operation of the statute. The agreement could not be specifically enforced nor could it be the foundation of an action for damages. *Wallace* v. *Long, supra; Austin* v. *Davis* (1891), 128 Ind. 472, 26 N. E. 890, 12 L. R. A. 120, 25 Am. St. Rep. 456; *Wright* v. *Green* (1918), 67 Ind. App. 433, 119 N. E. 379.

Nor does the appellant show any justification for the maintenance of this action against the administrator of the estate of Maud Sheldmyer, deceased. It is provided by statute (§ 6-1001, Burns' 1933) that:

"No action shall be brought by complaint and summons against the executor or administrator of an estate for the recovery of any claim against the decedent, but the holder thereof, whether such claim be due or not, shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate is pending; . . ."

A claim against an estate cannot be enforced except in the manner provided by statute. *Price* v. *Engle* (1922), 77 Ind. App. 439, 133 N. E. 755; *Williams* v. *Williams, Admr.* (1940), 217 Ind. 581, 29 N. E. (2d) 557; *Bahr, Superintendent* v. *Zahm* (1941), 219 Ind. 297, 37 N. E. (2d) 942; *Heitman, Rec.* v. *Scales* (1942), 111 Ind. App. 68, 38 N. E. (2d) 890.

The appellant has not made a *prima facie* showing of error on the part of the trial court in sustaining a demurrer to his complaint.

The judgment is affirmed.

NOTE.—Reported in 45 N. E. (2d) 347.