CITY OF CONNERSVILLE ET AL. *v.* ADAMS.

[No. 18,250. Filed May 23, 1952. Rehearing denied June 24, 1952. Transfer denied October 6, 1952.]

Albert P. Heeb, of Connersville, Frank Hamilton, of Greensburg, and James L. Murray, of Indianapolis, for appellant.

Phillip J. Badell; and Keaton & Badell, both of Rushville; for appellee.

WILTROUT, P. J.—This is the second review of this case. Appellee was granted an award of compensation for injuries alleged to have been suffered as the result of an accident arising out of and in the course of his employment by appellant. Appellant prosecuted a review. Appellee failed to file a brief. This court thereupon stated:

"It is settled law in this state that the failure of an appellee to file a brief controverting the errors complained of by an appellant may be taken as a confession of such errors and the judgment may accordingly be reversed if the appellant's brief makes an apparent or prima facie showing of reversible error. . . .

"We have examined the appellant's brief with care and are convinced that it makes a prima facie showing for reversal in at least one particular. The record discloses no evidence as to the appellee's average weekly wage and therefore the Industrial Board had no basis for fixing compensation in any amount. Proof of the appellee's average weekly

wage was essential to an award of compensation and the burden rested upon him to establish such fact. This requires a reversal of the award. . . .

"It is so ordered."

Later the mandate of the opinion was modified, in the following language:

"The authorities that prompted us to reverse this case require us to remand it to the Industrial Board without prejudice. This we failed to do and it is therefore now ordered that this cause be remanded to the Industrial Board for such further proceedings as it sees fit to take not inconsistent with this opinion." *City of Connersville* v. *Adams* (1951), 121 Ind. App. 353, 98 N. E. 2d 230.

Thereafter the Industrial Board made an order whereby the cause was set for hearing for the sole purpose of hearing evidence concerning the average weekly wage of appellee. Appellant filed a written motion to vacate and set aside this order. This motion was overruled. Additional evidence was heard concerning appellee's average weekly wage and a new award entered in favor of appellee.

Appellant argues that the overruling of its motion was error. It argues that in the previous review it had presented by its brief the following grounds for reversal of the award: (1) that there was no evidence that appellee sustained an accidental injury arising out of and in the course of his employment; and (2) that appellee's condition was not the result of an accidental injury and was not aggravated or caused by such an accidental injury; that by failing to file a brief appellee confessed error as to all grounds presented; that the order is in contravention of the mandate of this court in that it did not require a hearing *de novo* on all the issues presented; that in the absence

of further evidence on any issue except that of the average weekly wage compensation must be denied.

Where an appellee has failed to file a brief the court may, in its discretion, take different courses of action: (1) it may order the appellee to file a brief; (2) it may take upon itself a consideration of the questions presented, without any aid from appellee; (3) it may reverse the judgment or award if apparent or *prima facie* error is shown by appellant's assignment of errors and brief. 2 Gavit, *Indiana Pleading and Practice*, 2540, §516; *Meadows* v. *Hickman* (1947), 225 Ind. 146, 73 N. E. 2d 343; *Sheldmyer* v. *Bias* (1942), 112 Ind. App. 522, 45 N. E. 2d 347; *Cleveland, etc., R. Co.* v. *Wuest* (1907), 40 Ind. App. 693, 82 N. E. 986.

The latter course is not taken in the interest of the appellant but for the protection of the court and in order to relieve the court of the duty which properly rests upon counsel for appellee. *Meadows* v. *Hickman, supra*. If apparent or *prima facie* error is not shown the judgment or award will not be reversed. *Mazac* v. *City of Michigan City* (1934), 98 Ind. App. 366, 189 N. E. 400; *Goossens* v. *Jenkins* (1937), 103 Ind. App. 492, 8 N. E. 2d 1014. Where appellant is urging several alleged errors it is not necessary to a reversal that there be an apparent or *prima facie* showing in appellant's brief that all matters alleged to constitute error actually constitute *prima facie* error.

Frequently, in reversing the judgment, where appellee has not filed a brief, the court does not specify the exact apparent or *prima facie* error shown. Nevertheless, on the previous review of this case we determined that appellant's brief made a *prima facie* showing for reversal in at least one par-

ticular, in that the transcript disclosed no evidence as to appellee's average weekly wage. Such determination became the law of this case. It was not necessary to go beyond such determination, and we did not do so. Inasmuch as we concluded that *prima facie* error was shown in this respect we treated appellee's failure to file a brief as a confession of error as to this point only. The Board's action in setting the case for hearing on the sole question of appellee's average weekly wage was in no manner inconsistent with the previous opinion in this case, and did not constitute an abuse of discretion. *School City of Hammond* v. *Moriarity* (1950), 120 Ind. App. 663, 93 N. E. 2d 367.

Had appellant wished to introduce further evidence on other subjects, Rule 18 of the Industrial Board prescribes the procedure which it should have followed.

Appellant contends that there is no evidence of probative value to establish that appellee received an accidental injury arising out of and in the course of his employment, and the evidence is still insufficient to establish his average weekly wage; that the uncontradicted evidence forces a conclusion contrary to that reached by the Board.

On the date in question appellee was a city fireman, and had been so employed for approximately five years. While answering a fire call on this Saturday evening appellee got a roof ladder and picked up the booster line. He testified, "I dropped the booster line to put up the roof ladder and I reached down to pick up the booster line and I was just one step from the ladder, so I started to put the line over my right shoulder to step with it. Instead of that, I was so close to the ladder I pushed and stretched with the booster line and made a step at the same time, as I did that there was just a stiffness hit me across the hips and back. . . ."

Another fireman said appellee flinched as though he was hurt, and he took over the booster line.

Appellee notified his superiors and fellow firemen that he had been injured. He had never had an injury to his spine or back or complained of his back prior to this time, nor had he lost any time for such reason. The fireman who slept across from appellee that night testified to appellee's actions during the night and that "I knew then that there must be something wrong." Appellee was off duty the following day. The stiffness started to leave and pain started Monday morning. Other firemen thereafter worked in appellee's place for about four months, except for certain light work which appellee performed, when his pay status was terminated.

Appellee weighed 170 or 172 pounds at the time of the fire. Thereafter he lost weight, going down to 137 pounds.

A compensable injury by accident may be occasioned by lifting or straining. *Puritan Bed Spring Company v. Wolfe* (1918), 68 Ind. App. 330, 120 N. E. 417; *Vonnegut Hardware Co. v. Rose* (1918), 68 Ind. App. 385, 120 N. E. 608; *Terre Haute, etc., Mfg. Co. v. Wehrle* (1921), 76 Ind. App. 656, 132 N. E. 698; *Heflin v. Red Front Cash & Carry Stores, Inc.* (1948), 225 Ind. 517, 75 N. E. 2d 662; *Indian Creek Coal, etc., Co. v. Calvert* (1918), 68 Ind. App. 474, 119 N. E. 519, 120 N. E. 709; Small, *Workmen's Compensation Law of Indiana*, 100, §5.3.

While the testimony of the medical experts is conflicting, there is evidence from which the Board could have legitimately found that the physical condition from which appellee suffered arose from an accidental injury arising out of and in the course of his employment.

Evidence was also introduced as to the amount of appellee's average weekly wage. If such evidence was not as detailed in its computations as appellant desired, it had the privilege of cross-examination, or of introducing further evidence from its own records.

Award affirmed with statutory 5% penalty.

NOTE.—Reported in 105 N. E. 2d 912.