## PROCTOR *v.* PROCTOR.

[No. 18,639. Filed March 31, 1955. Rehearing denied May 6, 1955. Transfer denied November 15, 1955.]

*Anderson, Hicks & Anderson, F. L. Anderson, Sr.* and *F. L. Anderson, Jr.,* both of Gary, for appellant.

*Louis C. Holland,* of Gary, for appellee.

ROYSE, P. J.—Appellee brought this action for divorce against appellant. She filed a cross-complaint and sought alimony. Upon proper request the trial court made its special findings of fact and stated its conclusions of law thereon in favor of appellee. Judgment granting appellee a divorce, the care and custody of the minor children of the parties, and awarding him all of the property, real and personal, of the parties including the home which was owned by the parties as tenants by the entireties.

The errors assigned here are that the trial court erred in each of its eight conclusions of law, and in overruling appellant's motion for a new trial. The specifications of the motion for a new trial are, that the decision is not sustained by sufficient evidence and is contrary to law.

At the opening of the argument portion of her brief appellant says:

"While appellant believes the trial court erred grievously in granting her husband a divorce, she recognizes that on *this* issues the evidence was conflicting and cannot here be weighed.

"Accordingly, she must and does limit this argument to the error of the trial court with respect

to its disposition of the property accumulations of the parties."

She then proceeds to treat assigned errors four and six and the alleged error in overruling her motion for a new trial together.

Conclusion of Law No. 4 is as follows:

"That the home of the parties is now occupied by the plaintiff, their two minor children and a housekeeper; and, is owned by the parties, as tenants by the entireties. Their equity in the premises, over and above encumbrances, is the sum of Two Thousand Six Hundred Forty-two ($2,642.00) Dollars, which equity was accumulated chiefly through the efforts of the plaintiff."

No. 6 is as follows:

"That the defendant has destroyed the marriage of the parties by her willful misconduct; that she is not entitled to alimony nor to any part of the parties' real and personal property. That the defendant should be ordered to execute and convey by a proper deed, within ten (10) days, her interest to the plaintiff, in the following described real estate: (Description).

"That upon the failure of the defendant to execute such deed, Fritz W. Alexander should be appointed Commissioner, to execute and convey by a proper deed, said realty from the defendant to the plaintiff, on or before ten (10) days from the date of the decree herein."

Appellant contends Conclusion No. 4 is not sustained by either the findings or the evidence. In our opinion this so-called Conclusion is a finding of fact cast among the Conclusions of Law and cannot be considered.

She next contends the trial court had no authority to order a conveyance of the real estate owned by the parties as tenants by the entireties. In support of this contention she relies on the case of *Alexander* v. *Alex-*

*ander* (1894), 140 Ind. 560, 40 N. E. 55. There is certain dicta in that case which would tend to support appellant's contention. However, in the case of *Mendenhall* v. *Mendenhall* (1946), 116 Ind. App. 545, 64 N. E. 2d 806 (transfer denied), we refused to adhere to such dicta and pointed out the correct rule which should govern such cases was announced in the case of *Walker et al.* v. *Walker et al.* (1898), 150 Ind. 317, 328, 50 N. E. 68. We recognize the factual situation in the Mendenhall case, *supra*, was entirely different than that in this case.

In the case of *Wallace* v. *Wallace* (1953), 123 Ind. App. 454, 110 N. E. 2d 514, 111 N. E. 2d 90 (transfer denied), where the facts were somewhat analogous to those in this case, we held the dicta in the Alexander case, *supra*, was overruled in the Mendenhall case, *supra*. We then approved the following language in the case of *Gray* v. *Miller* (1952), 122 Ind. App. 531, 538, 106 N. E. 2d 709, construing the provisions of Acts 1949, §3-1218, Burns' 1946 Replacement (1951 Supp.) :

> "While the foregoing statute is primarily an alimony statute, the legislative intent is apparent to adopt the policy of recognizing the case law which grants broad powers to a divorce court to fully adjudicate the rights of the parties and order the transfer of real estate between the parties in proper cases."

In the Wallace case, *supra*, the court ordered the property owned by the parties as tenants by the entireties transferred to the husband. It is true in that case the trial court, in the exercise of its broad discretion, allowed the wife alimony. However, the trial court is not bound to grant a miscreant wife alimony when her husband obtains a decree of divorce against her.

In this case, by its special findings the trial court found that appellant was guilty of gross misconduct.

While there was a conflict in the evidence, as conceded by appellant in her brief herein, there was ample evidence to sustain this finding of the trial court.

Therefore, we hold that the trial court's purported Conclusion of Law No. 4 was not necessary to sustain the judgment herein; that Conclusion of Law No. 6 is sustained by the special findings of fact; and they are sustained by the evidence.

Judgment affirmed.

NOTE.—Reported in 125 N. E. 2d 443.