**NATIONAL BY–PRODUCTS, INC.,**
**Appellant (Plaintiff Below),**

v.

**John LADD and Tisa Ladd, Appellees**
**(Defendants Below).**

**No. 34A04–8909–CV–431.**

Court of Appeals of Indiana,
Fourth District.

June 21, 1990.

William E. Beck, II, Martin and Beck, Kokomo, for appellant.

Deborah J. Caruso, Dale & Eke, Indianapolis, for appellees.

CONOVER, Judge.

Plaintiff–Appellant National By–Products, Inc. (National) appeals summary judgment entered by the Howard Superior Court I in favor of Defendants–Appellees John and Tisa Ladd (the Ladds) on their Statute of Frauds defense.

We affirm.

This appeal presents the following issues:

1. whether a written memorandum existed sufficient under the Statute of Frauds to bind the Ladds to pay the debt of Trial Manufacturing Company, Inc. (Tri–L) owing to National,

2. whether, within the meaning of the Statute of Frauds, Tisa, as John Ladd's agent, was lawfully authorized to bind him by memorandum, and

3. whether the trial court erred by entering summary judgment without setting the matter for hearing at least ten days prior to its entry.

In 1986 John Ladd was an officer and director of Tri–L, an Indiana corporation which manufactured and sold grain, seed and other products predominantly to farmers.[1] Due to the failing farm economy in that year, Tri–L could not pay its bills. National was one of Tri–L's creditors who sued and obtained a judgment against it in the sum of $7,138.74.

During that period, John Ladd, an officer of Tri–L, was served by National with an order to appear in proceedings supplemental against Tri–L in which National was trying to collect the judgment. During that period also, John was receiving a number of telephone calls and correspondence from Tri–L's creditors at his dental practice.

When the order was received, Tisa phoned National's attorney to inquire why her husband was ordered to appear in court. After Simmons, National's attorney, explained John was an officer and director of Tri–L and as such was required to testify concerning the company's assets in the proceedings supplemental hearing, Tisa attempted to work out an arrange-

---

1. We note in passing National's failure to follow the requirements of Ind.App.R. 8.3(A)(5), which requires "[a] statement of the facts relevant to the issues presented for review[.]" National's brief in its statement of the facts section merely contains verbatim copies of pleadings and answers to interrogatories it deems appropriate liberally interspersed with argument on its behalf. Such an approach does not comply with the rule as we have said on many occasions. The rule requires merely a plain and simple narrative statement of the material facts, nothing more. Anything else clutters the brief. However, this deficiency was cured by the statement of facts set forth in the appellees' brief. For that reason, the deficiency in appellant's brief was cured and we will address the merits of this appeal.

ment with him to pay National's judgment on an installment basis wherein she would pay $500 per month toward the judgment from her personal funds. In response, Simmons agreed to continue the proceedings supplemental.

Thereafter, Tisa wrote a $500 check on her personal account to National and sent it to Simmons. Simmons replied with a letter to her acknowledging receipt of the check, stating the amount of the judgment and saying it would be paid in monthly installments of $500 to be paid directly to National at their Des Moines, Iowa address. Later, Tisa sent another $500 check to National, accompanied by a short note to Mr. Bohling, a representative of National, saying payment should be credited to the Tri–L account.

After much discussion, Tri–L's officers and directors determined to cease doing business and liquidate Tri–L's assets. Because of a large debt owing to a local bank, they determined unsecured creditors would receive nothing and all their efforts would be concentrated on selling the real estate and personal property to pay off the bank's loan. When Tri–L notified all its creditors including National to that effect by mail, Simmons began contacting the Ladds telling them they were to personally pay Tri–L's judgment to National. When that didn't happen, National filed this lawsuit. From an adverse summary judgment, National appeals.

In pertinent part, the Statute of Frauds provides:

Section 1. No action shall be brought in any of the following cases:

. . . . .

Second. To charge any person, upon any special promise, to answer for the debt, default or miscarriage of another; ... unless ... some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunder by him lawfully authorized,....

IND.CODE 32–2–1–1. Thus, we look only to those writings executed by the party to be charged. The only writings signed by Tisa which National intended to offer as evidence at trial were her check for $500 dated July 1, 1986, made payable to National and a letter which stated:

Mr. Bohlig,

This payment is to be credited to the Tri L Manufacturing account.

Thanks

Tisa Ladd

(Appellant's Brief, p. 14).

■ A memorandum, to be sufficient within the meaning of the Statute of Frauds, must set out the contract with such reasonable certainty that its terms may be understood from the writing itself, without recourse to parol proof. *Ridgeway v. Ingram* (1875), 50 Ind. 145, 146. A written contract which leaves some essential term thereof to be shown by parol, is only a "parol contract" not enforceable under the Statute of Frauds. *Sheldmyer v. Bias* (1942), 112 Ind.App. 522, 45 N.E.2d 347, 349. At most, the above writings show only a volunteer's promise to pay $500 to National for application to Tri L's account, nothing more. Any promise to pay or consideration for payment of the balance of its account with National is patently absent. The agreement upon which National relies is at best an oral contract clearly within the Statute of Frauds and unenforceable.

Because National fails on the first issue, the agency question also misses the mark. If Tisa's writings do not constitute an enforceable contract, it matters not whether Tisa was her husband's agent.

■ Finally, National lists as an issue the trial court erred by failing to set the motion for summary judgment for hearing before it entered judgment thereon. However, National fails to present argument with appropriate citation to authority in support of that contention, as required by App.R. 8.3(A)(7). Only those issues specifically treated in the argument section of an appellant's brief will be considered on appeal, all others are waived. *In re Adop-*

*tion of McNiece* (1982), Ind.App., 432 N.E.2d 440, 442.

Affirmed.

MILLER, J., concurs.

STATON, J., concurs in result.